**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**ALEXANDRA MALDONADO,**
**a.k.a. ALEXANDRA RIERA SCHENK,**

                      Plaintiff

    – against –

**NEW YORK COUNTY SHERIFF,**
**DEPUTY SHERIFF WAITES,**
**SGT. STAVOLA, JOHN DOE,**
**and JANE DOE**

                      Defendants.
------------------------------------------------

05 Civ. 8377 (JGK)

**OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants, the New York County Sheriff, Deputy Sheriff Waites, and Sergeant Stavola, move to dismiss this action brought against them by the plaintiff, Reverend Alexandra Maldonado, a.k.a. Alexandra Riera Schenk, for failure to state a claim upon which relief can be granted.

    The plaintiff alleges that the defendants violated her Fourteenth Amendment rights to due process and equal protection of the laws by improperly carrying out a court order evicting her from rental property located at 106 East 104th Street in New York, New York.  The plaintiff alleges that she had obtained a stay of the eviction pending an appeal to the Appellate Division of the New York State Supreme Court of the trial court's order

1

to evict her and that, motivated by racial animus, the Sheriff's Office and the individual defendants ignored this stay, refused to meet with her to discuss the stay,[1] and evicted her.[2]  (Compl. 1-3.)  The plaintiff also asserts that the defendants engaged in a conspiracy that was "based on racial hatred."  (Compl. 3.)[3]

The defendants assert that the Sheriff's Office was executing a warrant pursuant to a valid court order and that each of the individual defendants is entitled to quasi-judicial immunity.

For the reasons explained below, the defendants' motion to dismiss is granted and the complaint is dismissed.

---

[1] While the plaintiff asserts that the defendants violated her rights to due process and equal protection of the laws under the Fifth Amendment as well as the Fourteenth Amendment, the Fifth Amendment is a protection only against actions by federal officials, and the plaintiff's claims are therefore construed as claimed violations of her rights under the Fourteenth Amendment which provides protection against the actions of officials acting under state law.

[2] In her Reply to the Defendants' Motion to Dismiss, the plaintiff states that she brings a claim against the "local government" pursuant to 42 U.S.C. § 1983.  (Pl.'s Reply 9.)  In the Complaint, however, the plaintiff failed to name the City of New York as a defendant.  In any event, the plaintiff has no claim against the City under § 1983 because, as explained below, the plaintiff has failed to allege facts to show that she was deprived of any constitutional right.

[3] In her Reply to the Defendant's Motion to Dismiss, the plaintiff alleges that the defendants engaged in a conspiracy with her landlord, Intertrade International, Ltd., in violation of 42 U.S.C. § 1985, to deprive the plaintiff of the equal protection of the laws. (Pl.'s Reply to Defs.' Mot. to Dismiss 2-6, 10-11.)  The gist of the plaintiff's allegation is that although the defendants, once aware of the alleged stay, did not carry out a notice of eviction given September 9, 2005, they proceeded, with racist intentions, to issue another notice of eviction effective October 5, 2005 after meeting with Intertrade representatives who "guaranteed to cover any legal consequences of liability for acting illegally," while at the same time refusing to meet with the plaintiff to discuss the alleged stay.  (Pl.'s Reply 4; Ex. B to Pl.'s Reply.)

**I.**

**A.**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the allegations in the Complaint are accepted as true. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Therefore, the defendants' present motion should only be granted if it appears that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Grandon, 147 F.3d at 188; Goldman, 754 F.2d at 1065. The allegations of a pro se plaintiff should be construed liberally. See McPherson v. Coombe, 174 F.3d 276, 279 (2d Cir. 1999) (noting that courts "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest'" (quoting Burgos v. Hopkins, 14

3

F.3d 787, 790 (2d Cir. 1994))); Cooney v. Consol. Edison, 220 F. Supp. 2d 241, 244 (S.D.N.Y. 2002).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, the Court is not required to accept legal conclusions asserted in the Complaint. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); Barile v. City of Hartford, 386 F. Supp. 2d 53, 54 (D. Conn. 2005).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider documents that are referenced in the Complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); VTech Holdings Ltd. v. Lucent Techs., Inc., 172 F. Supp. 2d 435, 437 (S.D.N.Y. 2001).

**B.**

For the purposes of this motion, the following facts are accepted as true.

A dispute arose between Ms. Maldonado, pastor and president of El Camino Outreach Center, and Intertrade International, Inc. ("Intertrade"), the owner of several properties that were rented by Ms. Maldonado for use in the operation of her ministry, including property at 106 East 104th Street.  The parties disputed moneys owed for rent, taxes, and other expenses by Ms. Maldonado to Intertrade in connection with the rental of 106 East 104th Street and other properties.  (Decision and Order of June 30, 2005 in <u>Intertrade Int'l, Ltd. v. Maldonado</u>, New York State Supreme Court, New York County, Index No. 600580/04, annexed to Compl.)  In a decision and order dated June 30, 2005, Justice Sherry Heitler of the New York State Supreme Court directed that a judgment be entered in favor of Intertrade for possession of several rental properties, including the 106 East 104th Street property, together with an award of monetary damages.  (June 30 Decision and Order at 4.)  On August 23, 2005, Justice Heitler issued an Order and Judgment that, among other things, directed the Sheriff to place Intertrade in possession of the property at 106 East 104th Street.  (Order and J., Aug. 23, 2005, attached as Ex. C to Decl. of Edwin M. Levy, Nov. 3, 2005 ("Levy Decl.").)  The Sheriff's Office issued a notice on September 28, 2005 stating that it would remove the plaintiff from the premises on October 5, 2005.  (Sheriff Case # 05-3257, annexed to Compl.)  On September 29, 2005 the plaintiff

5

filed the current lawsuit. On October 5, 2005, the Sheriff's Office carried out the eviction. (Levy Decl. 3 n.1; Pl. Reply 11-12.) The plaintiff alleges that the eviction was unconstitutional and was carried out with a racially discriminatory motive.

## II.

In support of their motion to dismiss, the defendants argue that the Sheriff's Office and its employees did not deprive the plaintiff of any constitutional rights when they executed her eviction from the 104th Street property, but instead carried out a facially valid court order that they were required by law to execute. Therefore, the plaintiff was not deprived of any right without due process of law and was not subjected to unequal protection of the laws.

Under New York County Law § 650, "[t]he Sheriff shall perform the duties prescribed by law as an officer of the court . . . ." It is well-settled that one duty of the Sheriff as an official of the court is to carry out the "mandates" of the court. N.Y. C.P.L.R. § 2223 ("An officer to whom a mandate is delivered to be executed shall:  1. execute the mandate according to its command; . . . ."); Liggett v. Pichler, 534 N.Y.S.2d 973, 976-977 (App. Div. 1988); see also Enstrom v. City of New York, 17 N.Y.S.2d 964, 967 (App. Div.

6

1940). A "mandate" includes a written direction of a court commanding that an act be done. See N.Y. Gen. Constr. L. 28-a.

"Accordingly, when a sheriff executes a facially valid court order, he is 'afforded complete protection from liability . . . for any proper act done in its execution.'" Tornheim v. Eason, 363 F. Supp. 2d 674, 676-677 (S.D.N.Y. 2005) (alteration in original) (quoting Iovinella v. Sheriff of Schenectady Co., 413 N.Y.S.2d 497, 499 (App. Div. 1979)) (finding that the plaintiff had failed to present a cognizable claim of Fourth Amendment violation against the Sheriff because the Sheriff did nothing improper when, pursuant to a procedure outlined in a court divorce judgment, he signed transfer documents resulting in the sale of the plaintiff's marital residence), aff'd, 175 Fed. Appx. 427 (2d Cir. 2006).

The plaintiff contends that she obtained a stay of the eviction pursuant to N.Y. C.P.L.R. § 5519(a)(2) and (a)(6) and that the Sheriff's Office executed the eviction despite the stay because of illegal racial bias, violating her Fourteenth Amendment right to equal protection. (Compl. 1-3.) However, the records make clear that the plaintiff did not obtain a stay and her statements of legal conclusions to the contrary cannot be accepted.

Section 5519 provides for specific circumstances where a judgment will be stayed without a court order.  Section 5519 provides, in relevant part:

> § 5519: Stay of enforcement.
> (a) Stay without court order.
>     Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
> . . .
> 2.  the judgment or order <u>directs the payment of a sum of money</u>, and an undertaking <u>in that sum</u> is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed; or
> . . .
> 6.  <u>the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered</u>, and an undertaking <u>in a sum fixed by the court of original instance</u> is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property . . . .

N.Y. C.P.L.R. § 5519 (emphasis added).  C.P.L.R. § 5519(a)(7) provides that where a court judgment or order directs the performance of two or more acts specified in

the prior subparagraphs, the appellant must comply with each applicable subparagraph.

As part of the June 30 judgment, Justice Heitler ordered the plaintiff to pay $3,300 to Intertrade. (June 30 Decision and Order 3.) Justice Heitler also awarded Intertrade a judgment of possession of several of the plaintiff's rental properties, including the premises known as 106 East 104th Street. In the August 23, 2005 Order and Judgment, Justice Heitler ordered that Intertrade was "entitled to possession of 106 East 104th Street, New York, New York" and directed "the Sheriff of the City of New York . . . to place the plaintiff in possession accordingly . . . ." (August 23, 2005 Order.) The Order also severed and continued the branch of the action relating to the recovery of damages.

On September 12, 2005, Ms. Maldonado submitted an affidavit requesting a stay of Justice Heitler's order "pursuant to 5519(a)(2)(6) of the CPRL in as much as a stay of the Judgment of the 15th, 2005 and order of June 30th 2005 refers to rent property located at 106 East 104th Street, NY, NY August 15th 2005, in the amount of $3,300 dollars due and owing." (Pl.'s Aff. Req. Stay of Order, Sept. 12, 2005, annexed to Compl.; Compl. at 2.) On the same day, the plaintiff deposited $3,300.00 with the New York County Clerk's office. (New York County Clerk Receipt 4150, Pl.'s Ex. A.,

annexed to Compl.)  Despite these actions, the plaintiff did not obtain a legally valid stay of Justice Heitler's order of eviction from the 106 East 104th Street property under either Section § 5519(a)(2) or Section 5519(a)(6).

Ms. Maldonado did not obtain a stay of the eviction under Section 5519(a)(2) because satisfying this subsection can only stay a judgment for a sum of money, and not a judgment for possession of property.

Ms. Maldonado also did not obtain a stay of the eviction under Section 5519(a)(6) because that subsection specifically requires that the appellant deliver an undertaking "in a sum fixed by the court of original instance."  There is no allegation that Ms. Maldonado sought or obtained judicial approval that posting $3,300 would be a sufficient undertaking.  No stay exists where an "undertaking in a sum fixed by the court of original instance" has not been given as required by the statute.  Jennings v. City of Glens Falls Indus. Dev. Agency, 780 N.Y.S.2d 672, 673 (App. Div. 2004) (finding no stay pursuant to C.P.L.R. § 5519(a)(6) where "no Supreme Court Justice approved an undertaking or issued an order staying enforcement" and the "funds [the appellant] now describes as an undertaking were deposited in a bank account controlled by his own corporation"); Pisano v. County of Nassau, 246 N.Y.S.2d 733, 736 (Sup. Ct. 1963) (finding that no automatic stay of eviction had

been obtained despite the filing of a notice of appeal because the appellant had not filed the required undertaking), aff'd, 252 N.Y.S.2d 22 (App. Div. 1964).

It should also be noted that the plaintiff's subsequent applications to both the Appellate Division and the Supreme Court, New York County, to obtain a stay of the eviction were both denied.  (See Exs. A and B to Decl. of Edwin Levy, Jan. 27, 2006.)

Absent a valid stay, the Sheriff's Office cannot be held liable for evicting the plaintiff pursuant to a court order. Pisano, 246 N.Y.S.2d at 736 (finding that despite the fact that the warrant of eviction was later reversed on appeal the Marshal's Office was not liable for executing the warrant of eviction because the tenant's alleged stay of eviction was invalid).  It is not within the scope of a sheriff's authority to review or question the legality of a court mandate.  See Deitz v. Mangano, 30 N.Y.S.2d 8, 9 (Sup. Ct. 1941).  When a sheriff is presented with a mandate of the court, he is:

> not bound to inquire into the proceeding leading up to the approval and the granting of [the] order, and [is] justified as a ministerial officer, in obeying it according to its terms.  To [do] otherwise may . . . render[] him liable as and for a contempt of court. Nor [does] he [have] the right to presume to act as a court of Appellate jurisdiction to review the determination of this court.

11

Lang v. Dreyer, 9 N.Y.S.2d 970, 973 (Sup. Ct. 1939); see also Calabro Constr. Corp. v. W.R.B. Holding Corp., 266 N.Y.S.2d 170, 174 (Sup. Ct. 1965).

The plaintiff has failed to allege facts supporting a claim that she was deprived of any property without due process of law or that she was denied the equal protection of the laws.  She was subjected to an order of eviction that the Sheriff was required to execute.

Furthermore, in acting pursuant to a court order, the defendants were protected from liability by quasi-judicial immunity.  The Supreme Court has held that "state judges are absolutely immune from liability for their judicial acts." Briscoe v. LaHue, 460 U.S. 325, 334 (1983).  "In addition, some officials who are not judges but 'who perform functions closely associated with the judicial process' have also been accorded such immunity."  Dorman v. Higgins, 821 F.2d 133, 137 (2d Cir. 1987) (citation omitted) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)) (holding that probation officers are entitled to quasi-judicial immunity for carrying out court order).  Such quasi-judicial immunity is granted based on "functional categories, not the status of the defendant."  Briscoe, 460 U.S. at 342.  Thus, because the function being performed is deemed integral to the judicial process, "persons who faithfully execute valid court orders

12

are absolutely immune from liability for damages in actions challenging conduct authorized by the order." Wilkinson v. Russell, 973 F. Supp. 437, 440 (D. Vt. 1997) (citations omitted); see also Rolan v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) (sheriff entitled to quasi-judicial immunity); Henry v. Farmer City State Bank, 808 F.2d 1228, 1238-39 (7th Cir. 1986) (absolute quasi-judicial immunity protected a Sheriff who enforced a money judgment because the Sheriff "was at all times acting pursuant to an official court order"); Tymiak v. Omodt, 676 F.2d 306, 308 (8th Cir. 1982) (per curiam) (sheriff was immune when he executed a court-ordered warrant of eviction); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (per curiam) ("Judicial immunity extends as well to those who carry out the orders of judges.") (citation omitted); Tornheim, 363 F. Supp. 2d 674 (same); Reisner v. Stoller, 51 F. Supp. 2d 430, 444 (S.D.N.Y. 1999) (absolute judicial immunity protects "acts of a ministerial nature performed at the direction of a judge").

Absolute immunity is appropriate for such acts because "officials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). Holding the official liable "would result in the official second-guessing the judge who is

13

primarily responsible for interpreting and applying the law." Id.  In this case, the defendants were protected by absolute quasi-judicial immunity because they were executing the New York State Supreme Court's facially valid order of eviction, in accordance with their duty to carry out mandates of the court.

The plaintiff has thus failed to allege a set of facts that, if true, would establish the defendants' liability. Thus the plaintiff's claims must be dismissed.  For these reasons, the defendants' motion to dismiss is **granted.**

### III.

The plaintiff has also moved for the appointment of counsel.  That motion is **denied**.  The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).  For the Court to request counsel for the plaintiff, the plaintiff must, as a threshold matter, demonstrate that her claim seems likely to be of substance.  See Hodge, 802 F.2d at 61.  Only then should the Court consider other factors appropriate to determination of whether counsel should be requested:

14

>     the indigent's ability to investigate the crucial facts,
>     whether conflicting evidence implicating the need for
>     cross-examination will be the major proof presented to the
>     fact finder, the indigent's ability to present the case,
>     the complexity of the legal issues and any special reason
>     in that case why appointment of counsel would be more
>     likely to lead to a just determination.

Id. at 61-62; see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (per curiam) (endorsing the secondary criteria listed in Hodge as pertinent only when the likely substantiality of a plaintiff's claim is met). Because the Court has concluded that the plaintiff has failed to state a claim upon which relief can be granted, the threshold condition is not satisfied and the Court declines to request counsel to represent the plaintiff in this case.

## CONCLUSION

For the reasons explained above, the defendants' motion to dismiss is **granted**, the plaintiff's application for appointment of counsel is **denied**, and the complaint is hereby **dismissed.** The Clerk is directed to enter judgment and to close this case.

SO ORDERED.

Dated:   New York, New York
         September 6, 2006

                                        _____
                                            John G. Koeltl
                                        United States District Judge

15